United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM DALTON, | No. C 09-05452 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff has filed an application to proceed in forma pauperis ("IFP"). For the reasons set forth below, the Court DENIES plaintiff's IFP application and DISMISSES the complaint.

**BACKGROUND**

Plaintiff John Dalton was convicted in federal court in September 1999 of one count of operating a continuing criminal enterprise, two counts of manufacturing marijuana and possessing marijuana with intent to manufacture, and three counts of conspiring to manufacture and possessing marijuana with intent to manufacture. (Docket No. 345).[1] In December 2000, Mr. Dalton was sentenced to 324 months in prison; he is currently incarcerated at the Federal Correctional Institute in Pekin, Illinois.

After his conviction and sentence were affirmed on direct appeal in May 2002, Mr. Dalton commenced a series of attempts to challenge his conviction and sentence in this Court. First, Mr. Dalton filed a petition under 28 U.S.C. § 2255 to have his sentence vacated or set aside on the grounds of ineffective assistance of counsel and outrageous conduct by the Drug Enforcement Administration

---

[1] All docket citations in the background section of this order refer to Case No. 3:96-cr-00276, Dalton's original criminal case.

("DEA") agents who investigated his crimes.[2] This Court denied the petition on September 29, 2003 and entered judgment against Mr. Dalton. (Docket No. 520). Thereafter, Mr. Dalton filed four successive motions to set aside his conviction and the denial of his § 2255 petition. Each of these motions focused on the same issues raised in Mr. Dalton's § 2255 petition, and the Court denied all four motions. (Docket Nos. 540, 577, 601). The latest ruling was in December 2006.

Thereafter, Mr. Dalton filed another petition for writ of habeas corpus under 28 U.S.C. § 2255. The Court denied the petition in June 2008 and explained to Mr. Dalton that he could not bring a second or successive habeas petition without obtaining an order from the Ninth Circuit authorizing this Court to consider the petition. (Docket No. 648). Mr. Dalton then filed several more habeas petitions, which the Court denied in January 2009. (Docket No. 658). The Court denied additional successive petitions in June 2009, July 2009, and December 2009. (Docket Nos. 665, 672, 685).

In November 2009, Mr. Dalton instituted the present civil rights action. Mr. Dalton brings suit under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments; under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights; and under 42 U.S.C. § 1986 for failure to prevent civil rights violations. Presently before the Court is Mr. Dalton's motion to proceed IFP.

## LEGAL STANDARD

A plaintiff who shows that he or she is unable to pay the filing fee required to file a complaint may be permitted to proceed in federal court without such payment. 28 U.S.C. § 1915(a). Even if a plaintiff financially qualifies for IFP status, however, the court must examine the plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. *Id.* § 1915(e)(2)(B). The court may, at any time, dismiss an IFP complaint if the Court determines that the complaint is frivolous or fails to state a claim on which relief may be granted. *Id.* This analysis requires an inquiry similar to that employed in ruling on a motion to dismiss filed by a defendant. A pro se litigant bringing an IFP suit is entitled

---

[2] Mr. Dalton contended that DEA Agent Nelson became romantically involved with Mr. Dalton's wife, instructed her to place a tape recorder behind the headboard of her and Mr. Dalton's bed, took her to a divorce attorney, and had an inappropriate conversation about Mr. Dalton with Mr. Dalton's son. Mr. Dalton contended that his lawyer on direct appeal was ineffective for failing to cite pertinent caselaw and to include certain district court pleadings in the excerpts of record submitted to the Ninth Circuit on appeal.

to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear no amendment could cure the defect. *Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995).

**DISCUSSION**

Perhaps in an attempt to circumvent this Court's many prior dismissals of his successive habeas petitions, Mr. Dalton has styled the present action not as a habeas petition but as a civil rights action arising under 28 U.S.C. §§ 1983, 1985 and 1986. Nonetheless, the suit does not raise any claims pertaining to alleged violations of Mr. Dalton's civil rights in prison. Rather, in the present action, Mr. Dalton is attempting once again to attack the validity of his conviction and sentence by challenging the DEA agent's conduct leading up to his arrest. Such a challenge must be brought in a habeas petition under 28 U.S.C. § 2255. The Court has advised Mr. Dalton on multiple occasions that he may not file any additional habeas petitions with this Court unless the Ninth Circuit expressly gives him permission to do so. *See* 28 U.S.C. §§ 2244(b)(3)(A) 2255(h). As the Court has previously stated, Mr. Dalton must obtain such permission from the Ninth Circuit whether the successive petition raises the same issues as the earlier petitions or new issues. If Mr. Dalton wants to attempt to obtain the necessary order from the Ninth Circuit, he should mark the first page of his document "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION," and should mail the motion to the United States Court of Appeal for the Ninth Circuit at 95 Seventh Street, San Francisco, CA 94103. In his motion, he should explain how he meets the requirements of 28 U.S.C. § 2255(h).

Mr. Dalton's application to proceed IFP is DENIED and this action is DISMISSED with prejudice, as Mr. Dalton may not bring the present claims in a civil rights action under 42 U.S.C. § 1983. If Mr. Dalton ultimately obtains an order from the Ninth Circuit authorizing him to file a habeas petition with this Court, he may institute a new action in order to do so.

///

///

///

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, plaintiff's application to proceed in forma pauperis is DENIED. (Docket No. 3). This action is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: April 21, 2010

SUSAN ILLSTON
United States District Judge